## United States District Court
## Central District of California
AMENDED

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA vs.** | Docket No. | EDCR 06-00075-SGL |
| **Defendant** KAREN DENISE BERRY (2) | Social Security No. | 2  8  9  9 |
| akas: | (Last 4 digits) | |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

| | MONTH | DAY | YEAR |
|---|---|---|---|
| In the presence of the attorney for the government, the defendant appeared in person on this date. | 10 | 05 | 09 |

**COUNSEL**    [X] WITH COUNSEL    David Phillips, CJA
(Name of Counsel)

**PLEA**    [X] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.    [ ] **NOLO CONTENDERE**    [ ] **NOT GUILTY**

**FINDING**    There being a finding/verdict of [X] **GUILTY,** defendant has been convicted as charged of the offense(s) of:
Count 1: Title 18, United States Code, Section 371- Conspiracy to Defraud the United States, Count 5: Title 26, United States Code, Section 7206(2) - Aiding and Assisting in the Preparation of False Income Tax Returns, Count 37: Title 26, United States Code, Section 7206(1) - Willful Filing False Income Tax Return, of the First Superseding Indictment,

**JUDGMENT AND PROB/ COMM ORDER**    The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that:

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Karen Denise Berry, is hereby committed on Counts 1, 5 and 37 of the 49-Count First Superseding Indictment to the custody of the Bureau of Prisons for a term of 72 months. This term consists of 60 months on Count 1, and 12 months on each of Counts 5 and 37 of the First Superseding Indictment, to be served concurrently with each other but consecutively to the term imposed on Count 1.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years. This term consists of three years on Count 1, and one year on each of Counts 5 and 37 of the First Superseding Indictment, all such terms to run concurrently under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318;

2. During the period of community supervision the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment;

3. The defendant shall truthfully and timely file and pay taxes owed for the years of conviction; and shall truthfully and timely file and pay taxes during the period of community supervision. Further, the defendant shall show proof to the Probation Officer of compliance with this order;

4. The defendant shall not prepare or assist in preparing income tax returns for others; and

5. The defendant shall cooperate in the collection of a DNA sample from the defendant.

| USA vs. KAREN DENISE BERRY (2) | Docket No.: EDCR 06-00075-SGL |
|---|---|

    The drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

    Remaining counts are dismissed.

    IT IS FURTHER ORDERED that the defendant does not have the ability to pay a fine.

    The Court recommends to the Bureau of Prisons that the defendant be designated to a penal institution in Southern California.

    The defendant is advised of his right to file an appeal within 10 days of entry of judgment.

It is ordered that the defendant shall pay to the United States a special assessment of $300, which is due immediately.

Restitution is ordered in the amount of $31,789,067 pursuant to 18 U.S.C. § 3663A. Restitution shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.  If any amount of the restitution remains unpaid after release from custody, nominal monthly payments of at least $200 shall be made during the period of supervised release. These payments shall begin 30 days after the commencement of supervision. Nominal restitution payments are ordered as the court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.

Restitution shall be paid to:
    Internal Revenue Service
    Attn: MPU, STOP 151 (Restitution)
    P. O. Box 47-421
    Doraville, GA 30362

The defendant shall be held jointly and severally liable with co-defendants, Matthew Carl Berry, Carla Denine Berry, Ivan Johnson, and Valerie Dixon for the amount of restitution ordered in this judgment.

Pursuant to 18 U.S.C. § 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest.  Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

The defendant shall comply with General Order No. 01-05.

All fines are waived as it is found that the defendant does not have the ability to pay a fine in addition to restitution.

    The Court ordered the defendant remanded to the custody of the United States Marshal Service pending designation to a penal institution by the Bureau of Prisons.  Issued Remand Order No. 9661.

    The defendant's bond is ordered exonerated.

    IT IS SO ORDERED.

USA vs.   KAREN DENISE BERRY (2)                                    Docket No.:   EDCR 06-00075-SGL

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.



| October 20, 2009 | |
|---|---|
| Date | U. S. District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk of Court, Central District of

| October 20, 2009 | By | C. Sasse |
|---|---|---|
| Filed Date | | Deputy Clerk |

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

☐   The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

USA vs.   KAREN DENISE BERRY (2)                              Docket No.:   EDCR 06-00075-SGL

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1).  Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).  Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office.  18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k).  The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k).  See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

USA vs. KAREN DENISE BERRY (2)     Docket No.: EDCR 06-00075-SGL

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____ By _____
Date            Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

| | |
|---|---|
| USA vs. KAREN DENISE BERRY (2) | Docket No.: EDCR 06-00075-SGL |

Clerk, U.S. District Court

By

Filed Date                    Deputy Clerk

---

### FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)_____          _____
           Defendant                                                                    Date


_____          _____
U. S. Probation Officer/Designated Witness                     Date